Number 2012-6064, Figueroa versus HHS. All right, Mr. Leach. Good morning, Your Honors, and may it please the Court. My name is Martin Leach, and I represent Stephanie Figueroa, a survivor for the estate of her late husband, Manny Figueroa, in this matter. This is a case of first impression that grows out of this Court's decision in Satochne versus HHS. The issue in this case is whether under the Vaccine Act, the standing provisions of the statute prohibit the estate of a person who suffered vaccine-related injuries but died of unrelated causes can proceed with a survivor claim under the statute. The statute provides for representation by personal representatives, but not in your instance. How do we avoid the fact that reference is made to representation of personal representative but not in the case where death occurred prior to filing and for circumstances other than the vaccination? The language in the statute is actually legal representative, but personal representative is the way that is defined in most states. We're not proceeding under that part of the standing provision. We're proceeding under that part of the standing provision, which says that any person who has sustained a vaccine-related injury can proceed. Mr. Figueroa, during his life, could have proceeded and filed a claim. When he died, the issue then becomes whether his claim abated or whether it survived. Under the laws of just virtually every state in the country, survival provisions have gone away with the common law rule, which was that when somebody died, their claims abated and  And the issue in this case then, which the Touchy originally dealt with, was whether somebody who died of a vaccine-related cause but had already been proceeding with an injury-related cause could continue and proceed with their injury claim. And the argument that – Doesn't your construction of the statute, the way you're reading it, completely obviate the third part of it? Why would you need the third part if that's what any person means? If you're saying the third part means the legal representative of any person who's died? Well, that provision – I've read that over many times, and I believe what that provision is dealing with – let's say somebody dies right after they get a vaccination. They drop dead right on the spot. There's no injury claim. They have not sustained a vaccine-related injury. They've merely died. Under those circumstances, there's no injury claim. There's only a death claim. Death claims can only be pursued with a legal representative. In Satoshne itself, this court basically construed the first part of the provision to allow a claim for vaccine-related injury to survive. And there was a difference in the way that that conclusion was reached in the two opinions. But both opinions agreed that it would survive in the case of somebody who died as a result of a vaccine-related injury. This case – But in that case, there wasn't a standing issue, right? The complaint was filed before the person died. It didn't implicate this provision of the statute. Well, that is correct. But the standing – if the distinction that the court is seeking to make is that if the claim is already filed before the person died, then you can just substitute in the personal representative or the legal representative as that language is used. Rule 25A only allows you to substitute in somebody if the claim – Well, the provision we're looking at deals with who may file a petition for compensation. Correct. So that's – if in the other case, the issue – the compensation had been filed, it was only a question of who could get the death penalty. It's a different kind of a case. It doesn't implicate the statutory provision. Well, Satoshne doesn't actually deal with it in that way. What Satoshne held was that the provision of the statute that says any person who has sustained a vaccine-related injury, that provision is the provision that allows somebody to continue to receive vaccine-related injuries pursuant to a survivor analysis. And the way that the court reached that conclusion was by looking at a separate section of the statute. This is the principal opinion in the case, basically looking at – How does that support the outcome you're seeking here? I'm just missing it. Well, the court agreed, both the majority and the concurring dissenting opinion agreed that the vaccine statute is silent with regard to the issue of survivorship. It doesn't say one way or the other. The majority opinion said, well, it doesn't say one way or the other, but there's evidence from other provisions of the statute that they intended for it to survive in certain circumstances. And that is provision 15B of the statute, which dealt with pre-vaccine cases. It's kind of a tortured analysis, but it's an analysis that said, look, we have to look at the whole statute. And looking at the whole statute, the legislature, the Congress clearly intended for certain claims to survive pre-vaccine act cases. So what's the distinction between pre-vaccine and post-vaccine? It doesn't make sense, so they're obviously not talking about that. Now, on the other hand, the opinion of Judge Dyke, which – So let's just back up a moment. Let's assume that the statute, the Vaccine Act, didn't say anything about personal representatives. It just said that a person injured by a vaccine may sue. It is clear under those circumstances, and I assume the governments agree, we'll find out if that's true. I assume that everyone would agree that under those circumstances, the right of action survives and that the personal representative can sue. And we have cases including, for example, a recent Phillips case involving EJIA. An opinion by Judge Bryson said that the statute allows a prevailing party to sue, that the representative can sue, and the opinion says it doesn't make any difference whether the representative sues before the death or is substituted after the death. In either event, the cause of action can proceed. Correct. As I understand the government's argument here, it seems to me that this is the heart of the problem. They say, well, maybe that's the general rule, but that this provision about representative suing has a negative pregnant to it, which says only the representative can only sue in the case of a vaccine-related death and not under other circumstances. The question is whether that negative inference is justified or not. Is that a fair statement of what the issue is? I think what the government's trying to say is that there is an express contrary intent in the statute, therefore the court is not free to gap fill, because their position is that the standing provision sets forth those people who can sue, and therefore it's not a situation where you have a gap filling capacity because a specific allowance has been made. And then the question becomes whether that provision was sort of belt and suspenders, designed to make sure that the representative can sue for the death benefit, or whether it was designed to say the representative can only sue if the death is caused by the vaccine. I think that's correct. And the statute, again, both the opinions in Zetouchne were clear that there was no language either way on the issue of survivorship expressly. Impliedly, the majority opinion said, well, impliedly, based upon looking at these different provisions, not the standing provision, but other provisions, it's clear that the Congress did intend survivorship to exist in this case. And then the issue in this case becomes, okay, if it's allowed to be in certain cases, survivorship is allowed under certain circumstances. Zetouchne clearly says that. How do we apply that to this case, where the argument now is that apparently the standing provision expressly does not allow it in this particular case? And my argument is that that's not what the standing provision says. That standing provision related to a legal representative being allowed to maintain a claim for somebody who died as a result of a vaccine-related injury is designed to deal with somebody who doesn't have an injury claim, who presumably dies on the spot. An injury claim, on the other hand, is one of those areas, given the ambiguity with regard to how it's expressed. In other words, it just says any person who sustained a vaccine-related injury can bring a claim. It presents a situation where the court has to gap fill and determine whether survivorship is allowed under the federal common law. And there are some statutes, as we know, that specifically – Can I – it's probably me and not you, but I'm not understanding the argument you're making with respect to the third prong and who it would cover and why that means – I mean, I'm not understanding what you're saying. Okay. Just so I'm clear, in the first instance, the prong that we're proceeding under here is not the third prong. Yeah, but the argument – we look to the third prong because that suggests, or tells us, according to the government, that it's got to mean something, and therefore Congress thought about this, and these were the only legal representatives they were going to let file, right? That's the argument. That's the argument. That is the argument. But my answer to that is that that prong doesn't deal at all with the issue of survivorship. That prong just deals with an issue where somebody gets a vaccine and dies on the spot and therefore didn't have an injury. They just have a death claim. In other words, the legal – the survivorship law would not preserve the right to sue for a death benefit because the death benefit was not a claim that existed before the death. That's exactly right. Your theory is that in order to allow the recovery of the death benefit, somebody other than the original claimant had to be able to sue, and they needed to put in this legal representative being able to sue for the death benefit. That's right, and that's why that clause is in there. Now, as a practical matter, you're not seeking the death benefit. No. Your client's spouse lived for, unfortunately, a very short period of time. So there's only a small amount of money at stake in this case, is there not? Yeah, we're not – It's calculated based on that period between the shot and the illness that occurred that was unrelated to the vaccine, right? That's correct. He suffered a – Miller – basically there's paralysis in the face, and it's very difficult to eat. There's a lot of pain and suffering, and I think one of the claims that was going to be asserted was one for a business interruption, and because he was recovering for such a period of time, there was some business loss as well or economic damages in that sense, and there was pain and suffering. But there was – but it's not a death claim because he did die of something that was completely unrelated to the vaccine, and that's why we can't proceed under that part of the statute. But the injury claim – and to touch on it, the court made clear that injury claims do survive under certain circumstances, and the issue – and I don't think that the court's decision in that case hung or turned on the third section, as you said. The court said that the estate had standing in that case. Let me see if I understand – and I'm sorry. I'm being difficult here because I'm really having a hard time understanding that. The third prong – going back to the third prong, which you've made an argument for why it would apply and how it would apply, which would not make it superfluous, says – talks about filing a petition for compensation. So it doesn't – it's not limited. And in the scenario you posed, even if a person died – a legal representative of a person who died as a result of administration of a vaccine may file a petition for compensation, would they only be entitled to the death benefit then, or they could also be seeking what your client is seeking, right, which is compensation for the injury. And you're not saying that that doesn't mean it. So doesn't that undermine your argument? No, that's – what you've just described is exactly what happened as a touch state. You had an injury claim and you had a death claim because the person was injured, lingered for years and years and years with injury claims. Can we not say – because that dealt with when you filed your petition before death. So that's different than this. I'm looking at this statutory provision and you're trying to convince me that this provision is – this prong three would not be superfluous under your reading of the statute. Your main argument is this is limited to death benefit injury. But my question is, isn't prong three not restricted to just the death benefit? Because wouldn't that entitle someone under three, the legal representative, not just coming in for the death benefit but coming in for the compensation for injury prior to that death? The answer to your question is no, because if you take a look at the first part of the statute, and this is using the argument that the government made in Satoshne. In that particular case, any person who has sustained a vaccine-related injury, the legal representative of such person, if such person is a minor or is disabled, so that refers back to the first part of the statute, the injury claim. And then if you go on, or the legal representative of any person who died as a result of the administration of a vaccine. So what that provision relates to, then the argument is just the death benefit. I think you've got a hard time limiting that third provision to the death benefit based on Satoshne. Because I think Satoshne says that it construes that third provision as applying both to the death benefit and to the compensation. At the time, I disagreed with that, but we're bound by that. That's what it said. So we've got a statute which gives partial relief, partial rights to legal representatives. The question is whether we should construe that as precluding what would otherwise exist under the common law. And I would argue that the provision, that the common law rule should be followed, federal common law rule should be followed in that event. There's no reason to think that the Congress wanted to make a distinction between people who died of reasons unrelated to the vaccine as opposed to those who died for reasons because of the vaccine. There's just no reason in the policy of the statute in the way in which it was designed to be comprehensive and generous. But arguably the only reason is because there's a specific provision that speaks to legal representatives of a person who died as a result of vaccine. Congress called that group out for special treatment. There's no debate about that. And your only argument, it seems to me, is that, well, there's another reason they did that. That was limited to just the death benefit part. But you've just acknowledged it's not limited to the death benefit part. It's also limited to compensation for injuries. Well, I'm not sure that I agree with that characterization. I believe that the basis for the Tuchne opinion was looking at the totality of the statute and looking at it in whole. There are certain types of claims that survive, and a death provision is not a survival provision. So that's something that was created out of looking at the statute as a whole and based upon the entire purpose for the Vaccine Act. And on the basis of that, I think that the court should find that Mrs. Figueroa can proceed with a survival action on behalf of her late husband. And I think my time is up. Yeah, we'll give you three minutes for rebuttal. Why don't we hear from Ms. McCall for the government? May it please the Court. Suppose, you know, in your opponent's argument, I said that everyone assumes that if there hadn't been any reference to suits by legal representatives, that there would have been survivorship and the right to sue by the legal representative. I want to make sure that I'm not putting a position in your mouth that you don't take. Do you agree that if the statute didn't refer to suits by legal representatives, that there would be survivorship of the claim and that it could be brought? Actually, Your Honor, I do not. You do not. Why not? Our view is that the Vaccine Act is a waiver of sovereign immunity. And therefore, anything that's not expressly stated in the Act should be construed as nonexistent. Well, I think you've got a very hard time with that after cases like Phillips, which involve EJIA and the waiver of sovereign immunity, too. And that specifically held that even though only the prevailing party could sue, that if the prevailing party died, whether or not a death occurred before or after the filing of the petition, that there was survivorship and that the legal representative could sue. I think you've got a very hard time with that position under Phillips and other cases. The general rule in federal statutes is survivorship unless there's a provision that says it won't survive, right? I don't know that I agree with that. Well, what's your support for the contract position? My support would be that the Congress is very specific, as Your Honor has just discussed with the council, in terms of who they identified as being able to bring a claim. But you're departing from my hypothetical. I'm beginning by saying all the statute says is a person who sustained injury can sue. There's no reference in the statute to legal representative. Under those circumstances, is it not clear that there is survivorship of the claim and that the legal representative can sue? And I would submit to Your Honor that it's not clear. Well, I think you've got a really hard time with that. Take a look at Phillips and these other cases, which specifically say that, in general, there's a right of survivorship, and the representative can sue whether the representative mentioned in the statute or not. But look, let's assume for the moment that you're wrong about that. As I understand it, what you're saying is the specific reference in here to the representative being able to sue if the person died as a result of the vaccine has some negative consequence. So what if we had a situation in which the suit was brought and then the person died from unrelated causes, not as a result of the vaccine? Could that person sue for the – could the legal representative be substituted under Rule 25 and sue for the compensation? I believe under this Court's recent decision in Grigalock, the answer would likely be yes. In Grigalock, the individual had already passed the time the claim was filed. However, the state was bringing a claim both for their injury and the death. And although the Court in that case decided that the injury claim could not survive because it was untimely, based on Section 16 of the Act, the language the Court used suggested that the party – the state would be, in another circumstance, allowed to pursue both the death benefit and the injury benefit based on the fact that they were a proper petitioner at the time the claim was filed. All right. So if here – if Figueroa here had brought suit for the compensation and then died, the legal representative could be substituted? Under this Court's decision in Zantucci, yes, and Grigalock. So why would Congress possibly want to distinguish between a situation in which the suit was brought before and after death? We submit that this is just one of a number of limits on compensation under the program. As was discussed in Grigalock, there was the statute of limitations. You must bring your claim within three years of onset of injury. Of course, there would be individuals who wouldn't discover that their case was actually related to the year four. However, under the specific express provisions of the Act, they're not allowed to bring a claim. So in our view, it's just one of the many limits on compensation, and unfortunately, Mr. Figueroa – There's no reason for saying that you can – the state can sue if the suit was filed before death, but can't sue if the suit was not filed before death. I would submit that the reason is – the reason there are limits in anything, in any of the Acts that we're talking about, where compensation is available. Yeah, but we're trying to ask whether – what Congress wanted to do, and seeing whether there's a purpose for distinguishing between pre-death filings and post-death filings has some bearing on how we should construe the statute. The problem is you don't seem to be able to come up with any reason why Congress would want to distinguish between pre- and post-death filings. I mean, I can't speak for what Congress was – other than what's in the bounds of the Act, and in our view, it's specifically spelled out who may bring a petition, and because Mrs. Figueroa doesn't fit any of the three types of petitioners specifically articulated in Section 11B1A, she is unfortunately unable to bring a case in the program. Well, but if you construe – if you accept my proposition that under Phillips and these other cases, that a reference to the injured party being able to sue means – includes the representative, and that the claim survives after death, they could sue under that provision. The question is whether the reference to legal representatives being able to sue creates a negative inference that only legal representatives can sue when the person died as a result of the fact that they were injured. Well, I do think, Your Honor, that because the Act has very specific provisions for petitioners to opt out of the program, to determine after a certain time period that they would like to leave the program and go into the civil court arena to pursue their claims, or they may reject the judgment after judgment has been entered in a case, suggests that Congress was aware that there would be individuals who wouldn't be eligible for compensation under the program, and that was part of the scheme of the Act. I mean – Could Mrs. Figueroa sue under state tort law? I presume so. I have no reason to assume she cannot. So our position is that – Congress, which seemed to want to create a federal remedy so that people wouldn't sue under state law, excludes some people from the federal benefit and forced them to sue only under state law. I think that the Act had certain limits. I mean, as the legislative history and some of the House reports in the passage of the Act suggest, there are certain individuals that, yes, would be allowed to come to the program, and the point of the Act was to divert a significant number of claims, I believe is what the language says. It doesn't say that it's to divert all claims or to prevent all civil tort actions involving vaccines. So to that extent, persons such as Mrs. Figueroa are not allowed to bring a claim under the program but can resort to the civil tort arena, which is completely anticipated and foreseen by Congress. In our view, this Court doesn't have the authority to do anything but apply the direct language of Section 11B1A. But the direct language of the statute doesn't say that the only circumstances in which the legal representative can sue is when the death is caused by the vaccine, does it? Yes, in our view, it does. Well, it doesn't say it in so many words, right? I'm sorry? It doesn't say it in so many words. Well, it identifies three specific classes. But it doesn't say that the sue can only be brought. No, it does not use the word only. But by setting forth the three types of petitioners and specifically identifying the legal representative of someone who died from the administration of a vaccine as one of them, suggests that the legal representative of another person who didn't die of a vaccine injury is not one of them. Can I ask, and I hope I'm not redundant, you may have already gone over this ground, but what is the government's view if the statute did not have prong three? In other words, if it didn't speak to a legal representative of any person who died in terms of violence, would the government's position be that therefore she and everyone can file under normal rules of survivorship? Or would the government's position be that you have to be alive if you file, otherwise you can't file? The government's position would be the latter, that the act specifically identified people who had suffered injuries, not individuals who had died from vaccine-related injury, as eligible to bring a claim under the program. So yes, the answer would be yes, only those alive. Okay, so isn't your answer then to one of Judge Dyke's questions that could have been that what Congress was assuming was if we started off hypothetically with just the first two prongs and then somebody said, well, we really ought to allow someone who's died as a result of the health vaccine representative of that person to go forward. So isn't that sort of a rationale for why Congress would have done what it did? I'm sorry, I'm not sure I followed you. You didn't seem to have an answer to Judge Dyke's question as to why on earth Congress would ever come up with this kind of division. And I was just suggesting to you that maybe that's a theory upon how Congress would have acted, if indeed you are correct that in the absence of any third prong at all, no one would be allowed to file. No legal representative after death would be allowed to file. Yes, and I would accept that as a reasonable theory. But that would make sense. But the problem is you've got Phillips and these other cases which say even though the statute refers to a prevailing party, that there is survivorship of that claim and it can be brought by the legal representative. And what it said is the right to recover fees on an EJIA claim survives the death of the veteran. There's no reason to hold the veteran must survive until the EJIA application is filed in order for the veteran's estate to have the right to pursue the EJIA award. Very similar to this case. The court is saying it doesn't make any difference whether the suit is brought before death or after death. You can sue. So that suggests to me at least that if there were no reference to legal representatives in here, that the usual rule would be that the legal representative could sue and be substituted, even though there's no specific statutory authorization. But I guess I would submit that in this case there is that reference to the legal representative, which makes it clear that Congress intended to distinguish claims filed on behalf of someone with an injury and claims on behalf of someone who suffered a vaccine-related death. And in this instance, petitioner doesn't meet any of those. She doesn't have standing to bring the claim in the first place. And I think it's very important to distinguish what was going on institutionally and Rigglock in the sense that in both of those cases, when the claim was brought, the petitioner had standing to bring the claim, and it was more of a question of what types of damages would be available. Whereas in this case, petitioner doesn't meet the 11B1A as a proper petitioner. Petitioner said earlier that there would be standing had the claim been filed before the death, correct? Correct. You said that in that situation there would be standing. Well, if the death was vaccine-related. And that's the other problem in this case is that petitioner admits that Mr. Figueroa's death was not vaccine-related. I thought you were conceding that even if the death wasn't vaccine-related, that the suit could go forward if it was filed before the death. It was filed before the death, right? His injury claim could go forward, but he couldn't file the – if he had an injury claim and it was filed before he died, yes. The state could be substituted. It could go forward. Yes. It could be substituted even though the cause of death was unrelated to the vaccine. Presumably, that question hasn't been answered by this court. And to the extent Griglock suggests that a legal representative of a claimant could bring an injury claim as well as a death claim, I think there would be a fair reading that such a claim would be allowed to. That type of claim would survive. Although that hasn't been addressed directly by the court. No, but that's probably what we're looking at. These are the questions we're here to address. But it doesn't make sense that if you can file a claim and then die for reasons that are not related to the vaccine and that claim survives, that you're unable to bring a claim where there's a death occurs or you don't – there's a death before the claim is filed. It seems to me that you're making the argument based on whether the death is connected to the vaccine or not. Yes, and that would be based on what Congress said when they wrote the act, indicating as prong three – It doesn't speak to death. It speaks to injury caused by vaccination. Right, and it sets forth the individuals who may bring a claim for a vaccine-related injury as well as those who may bring a claim for a vaccine-related death. And this petition doesn't fit either. So therefore, she's not entitled to compensation under the program. Further questions? Thank you. Very briefly, if I could just briefly focus on the pre- versus post-death filing, because I think the analysis of that issue kind of – if we look at why somebody who's already filed a claim is different theoretically than somebody whose claim had not been filed, the argument that the government would seem to make is that Rule 25 says that you can substitute in if you've already filed a claim. But it's important to remember Rule 25 says if a party dies and the claim is not thereby extinguished. So you could not – so the claim could not be – if the claim was extinguished, then you couldn't substitute in. So it doesn't really make a difference whether there had been a claim that had already been filed or not because if a claim had been filed, presumably based upon the analysis that the government has proffered, it would be extinguished. Therefore, Rule 25 doesn't apply. Rule 25 is a procedural mechanism. It doesn't create any substantive right to substitute where you wouldn't otherwise be allowed to. So the argument, the concession that the government has made here, which is that if a claim had been filed, then it could be substituted, is essentially a concession that even if it had not been filed, you could still proceed because – I'm not understanding this. The statutory provision we're dealing with quite clearly says that a person who is injured by a vaccine can file a claim. Correct. That's the person. That's the person. And even if that person subsequently dies, at least when he or she was alive, they filed the claim. That seems to be not a big dispute. So the government conceding that that person's claim lives on doesn't seem to me to affect how we read prong three as limiting. What's the basis for allowing a substitution? It is Rule 25, which allows a substitution of a party when somebody dies. But that substitution rule only applies if the claim is not extinguished. So in other words, the claim was not extinguished, or else Rule 25 wouldn't apply. It wouldn't make sense for Congress to say the claim survives. It's not extinguished, but somebody couldn't sue on it because it didn't happen to have been brought until after the death. Exactly, exactly. And based upon – if there's any further questions, I'd be happy to try to answer them. But based upon this court's de novo review of the record, we would respectfully request that the court reverse the decision dismissing Ms. Figueroa's claim, her survivor claim, on behalf of her husband and allow his claim and her claim to proceed. Thank you very much. Thank you, both counsel. That was helpful. The case is submitted.